

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JD
F.#2011R02050

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 18, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Vito Balsamo</u>
           <u>Criminal Docket No. 12-050 (S-2)(CBA)</u>

Dear Chief Judge Amon:

      The defendant is scheduled to be sentenced on July 25, 2012.  By letter dated July 11, 2012, the defendant argues that a below-Guidelines sentence is appropriate because of the defendant's health and family circumstances.  The defendant also seeks a one level reduction in his adjusted offense level for a "global adjustment" pursuant to § 5K2.0 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  The government submits this letter in response to the defendant's requests.

I.    <u>Background</u>

    A.    <u>Summary of Charges</u>

      As set forth in the Pre-Sentence Investigation Report ("PSR") and detailed in prior submissions, defendant Vito Balsamo stands before the Court having pled guilty to Conspiracy to Collect Unlawful Debt, in violation of 18 U.S.C. § 1962(d).  By way of background, between January 1, 1999 and September 7, 2011, the defendant, an inducted member of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family"), <u>see</u> PSR p. 7, conspired with other members and associates of the Bonanno family to participate in the collection of unlawful debts on behalf of and in furtherance of his membership in the Bonanno family.

2

The defendant's willingness to use the threat of implied violence and intimidation to collect these unlawful gambling debts was established by various witnesses and confirmed through consensual recordings. See PSR pp. 8-9.

B. The Defendant's Guilty Plea

On April 6, 2012, the defendant pleaded guilty to Count Three of the second Superseding Indictment pursuant to a plea agreement. In the plea agreement, the government estimated that the applicable advisory Guidelines range was 10 to 16 months, based on an adjusted offense level of 12 and a criminal history category of I. This estimate was premised on a one level reduction for a "global adjustment" under § 5K2.0 of the Guidelines, provided that timely guilty pleas were accepted by the Court from all six defendants then charged in the case. (PSR ¶ 3).

C. The Pre-Sentence Report

On June 26, 2012, Probation estimated a Guidelines range of 12 to 18 months of incarceration, based on an adjusted offense level of 13 with a criminal history category of I. (PSR ¶ 113). The discrepancy between the Guidelines calculation in the plea agreement and the PSR is based on the following: As there was not a "global plea" in the case, the government opposes a one level adjustment under § 5K2.0. (PSR ¶ 3). Thus, the applicable advisory Guidelines range is 12-18 months, based upon an adjusted offense level of 13 with a criminal history category of I. (PSR ¶ 113).

II. Argument

A. Legal Standard

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the court] may not presume that the Guidelines range is reasonable. (The court] must make an individualized assessment based on the facts presented." Id. at 49 (citation and footnote omitted).

3

 B. The 3553(a) Factors Indicate That a Guidelines Sentence Is Appropriate In This Case

 The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

  1. History and Circumstances of the Offense

 As detailed above and in the PSR, the defendant was a soldier and acting captain in the Bonanno family for many years and was implicated by various forms of evidence personally engaging in conduct to collect unlawful debts on behalf of the Bonanno family. Based on that conduct, he pled guilty to the crime of conspiracy to collect unlawful debt.

 Given the serious nature of the underlying offense and the defendant's participation in the offense on behalf of a criminal enterprise, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B).

  2. History and Characteristics of the Defendant

 As noted above, the defendant has a long history of membership in the Bonanno family and served at times as an acting captain in that family. In addition, during the course of the instant investigation, he was involved in myriad criminal conduct on behalf of an international criminal enterprise. The defendant's work history and success in overcoming an addiction to alcohol are laudable. However, they are not sufficient to overcome the substantial evidence of the defendant's history as a member of organized crime, nor do they warrant a sentence below the advisory Guidelines range. For these reasons, the defendant's history and personal characteristics militate in favor of a sentence of incarceration. 18 U.S.C. § 3553(a)(1).

  3. The Need for the Sentence Imposed

 The defendant's request for a non-jail sentence should be denied. In light of the defendant's 12 year history of involvement in criminal activity and his role as a supervisor in the Bonanno family, a powerful organized criminal group, a significant sentence of incarceration in this case is appropriate in order to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Indeed, an effective

4

sentence of no or minimal incarceration on a conspiracy charge for a member of the Bonanno family engaged in collecting unlawful debts could well promote disrespect for the law. See, e.g., United States v. Cutler, 520 F.3d 136, 154 (2d Cir. 2008) (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law").

III. Conclusion

For the foregoing reasons, the Court should impose a sentence within the applicable Guidelines range of 12 to 18 months' incarceration.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Jack Dennehy
Assistant U.S. Attorney
(718) 254-6133

cc: Clerk of the Court (CBA)
Michael Rosen, Esq. (By ECF)